IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-CR-19-KAC-JEM ) |
| HENRI L. EWING, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on several pretrial motions filed by Defendant Henri L. Ewing: a motion to sever, a motion to dismiss, a motion for a bill of particulars, and a motion to strike surplusage [Docs. 479, 480, 482 & 485]. These motions were filed between August 14, 2025, and August 21, 2025. The last pretrial motion deadline in this case expired on July 30, 2024 [*See* Doc. 235]. These motions are therefore untimely. But on October 2, 2025, Defendant filed a motion to reopen the suppression hearing based upon newly-discovered *Giglio* material [Doc. 508]. The Government does not object to the motion to reopen [Doc. 511].

Pretrial motions must be filed by the deadline set by the court. Fed. R. Crim. P. 12. The Court has discretion to permit an untimely motion upon a showing of "good cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay and the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)).

When determining the potential prejudice from a late-filed motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id*. at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)).

Here, Defendant asserts that the motions are crucial to proper trial preparation, the presentation of his defense, and to secure his constitutional rights [*See, e.g.*, Doc. 479 p. 1–2; Doc. 480 p. 2; Doc. 485 p. 2; *see also* Docs. 493 &. 496]. And he asserts a motion for a bill of particulars can be made at any time [Doc. 482 p. 2; *see also* Doc. 494]. The Government does not dispute that a motion for a bill of particulars may be filed later than fourteen days after the arraignment, if the Court permits [Doc. 489 p. 3], and it does not assert prejudice as a result of the motion to sever [Doc. 490 p. 2] nor as a result of the motion to dismiss [*see* Doc. 492 p. 1 (asserting lack of good cause but not addressing prejudice)]. With respect to the motion to strike surplusage, the Government "think[s] it is filed with 'good cause' shown" [Doc. 491 p. 2].

Considering the Government's positions, and because the Government does not object to the reopening of the motion to suppress, any prejudice resulting to any late-filed motions is diminished. Accordingly, the Court finds that Defendant Ewing clears the good cause hurdle and may litigate the pending motions [Docs. 479, 480, 482 & 485]. Defendant has also shown good cause to reopen the suppression hearing, and the Government is unopposed. Accordingly, the Court **GRANTS** Defendant's motion to reopen the suppression hearing [**Doc. 508**]. The Court will contact the parties to set a motion hearing on these motions as well as the motion to suppress.

**IT IS SO ORDERED**.

        ENTER:

        */s/ Jill E. McCook*
        Jill E. McCook
        United States Magistrate Judge